Case number 19-1555 Marvin Seales v. Thomas Zberkot. Arguments not to exceed 15 minutes per side. Ms. Masseron, you may proceed for the appellant. Thank you. Good morning, Your Honor. It's Mary Masseron on behalf of Defendant Officers Zberkot. May it please the Court. Officers Zberkot seeks a reversal because he's entitled to judgment as a matter of law on all the claims against him and in the alternative, at a minimum, to a new trial. He was held liable on a continued detention Fourth Amendment theory, although probable cause existed to hold him. He was arraigned within 48 hours. Zberkot was not obligated to credit his claimed protestations of innocence and mistaken identity at the two hour and 50 minute time period at the beginning. He was entitled to rely on the information he was provided from Sergeant Faith at the time of the arrest and entitled to rely on the booking officers to verify the identity of the criminal suspect as they did the fingerprinting and other steps in processing Zberkot. Ms. Masseron, I'm sorry to interrupt, but there's some oddities about this case that I haven't been able to figure out. Were there other defendants sued? Were there settlements with the other defendants? I get some of the oddities of this liability finding as to your client, but I'm just curious what happened with the municipality or with, say, the jailers or the county? The county, there was a stipulation to dismiss and the record doesn't show and I'm not certain whether there was. I'm assuming that was in relation to a settlement, but it may have been a voluntary dismissal and the city was dismissed. Multiple other accounts were dismissed. How about other individuals? There were John Doe officers, three John Doe officers, but the plaintiff did not really pursue a lot of discovery to identify and never named those other potential defendants, whoever they might have been. So what ended up is, as the record shows, the case proceeding as Zberkot, who is not properly held responsible for whatever acts or omissions other officers did in the city lockup or for what the county did or didn't do when it was holding the plaintiff in the Wayne County Jail. So far as the record shows, Seals has not gotten any recovery unless it's a settlement that we, with the county, I guess it would be the county if there were a settlement? Correct. I see. And we don't know whether there was a settlement or not? It's not clear in the record and perhaps I should have pursued that, but since it wasn't in the record and those entities were not in the case by the time it came to me, I didn't make inquiry. What's involved in a CRISNET report, C-R-I-S-N-E-T, what exactly does that mean? It's part of the paperwork that's looking filled out at the time of the arrest and what Zberkot was supposed to do was to fill out the information in this report. Consequently, he was filling out part of the paperwork, but as the testimony at trial shows, he was also giving it to other officers as they did their parts of the process to add information. And I think what's really, really clear here, and the Supreme Court has said it as has this report, Zberkot was told by Sergeant Faith when they went out to arrest the suspect that they were arresting, they had a warrant for Sinar, but that Sinar's real name was Marvin Seals. I think that testimony is absolutely fatal to the plaintiff's claim because even if you credit Zberkot's testimony, or rather the plaintiff's testimony that I was protesting and that I did it in the presence of Zberkot, there's U.S. Supreme Court authority and authority from this court that first of all, if somebody says, hey, you got the wrong guy at that early stage of the proceeding, they're not obligated to do an independent search. In fact, the Baker Court, U.S. Supreme Court made that very clear. There was a holding of someone for three days, but one of the things the court specifically said in Baker was it's not incumbent on a sheriff to independently investigate every claim of innocence. And if you think about that rule, it makes sense because if every officer was obligated to do over again every step of the proceeding and couldn't rely on information provided to them or on the other officers doing their part of the process, it would be chaos. I mean, who is responsible here? I mean, this is a pretty serious problem. You go out and pick up somebody and claims he's innocent and, you know, who ought to be responsible? You know, it is a very frustrating thing when you look at the record in a certain sense, because we have this one defendant and we have information that it seems to me shows that he did his job, but we don't know what else happened. And in this case, there isn't evidence in this testimony about what the other booking officers did or didn't do. Did you put any evidence in as to what those other officers should have done? The city put evidence in with respect to Zbirkat's responsibility. They put in evidence with respect to what Sergeant Faith had done. Both Sergeant Faith and Zbirkat were operating on a joint team. The job of that joint team was to take people who were absent on warrants, find them. If you're representing the arresting officer, wouldn't you want to know what those jailers were doing and whether they were investigating as part of your defense in a trial? I don't think so, because the law is very clear, very clear that you cannot hold one person responsible for what another person did or didn't do. One thing your client did do was arrest the wrong person, whether that's justified or not is the issue. But it seems to me once you get into trial, you're in a different posture. I'm wondering why you didn't do what I would think you'd want to do. Well, I guess I would say two things. First of all, whether the trial strategy of trial counsel was the 100% best and only strategy that could have been pursued is not really the issue on and maybe judge, if you had tried the case, or if I had tried the case, we might have sought some other proofs to present. But the question, legal question, the question that's before the court here is really a narrow one. It's whether this officer, this officer violated someone's constitutional rights. And even if the court were to conclude that... The only thing wrong with that is the question that Judge Barrett asked, who is responsible? Well, the record... There's no question your clients started the ball rolling by arresting the wrong person. Now, at some point, maybe he's justified in doing that. And that's an issue we'll have to take out. But at some point, somebody's got to be responsible. Well, I think that was a part of the thinking of the district court. The problem with it is, A, it's the plaintiff's obligation to make the case. It's the plaintiff's obligation to do the discovery, name the individuals to replace the John Doe defendants and make the case. And if the plaintiff... Ms. Masseron, what if we... Say for the sake of argument, you're right on federal due process. What about the Michigan law? So why couldn't you say he was the proximate cause of the whole thing? Because he is the one who arrested him. He was with him for almost three hours. So I'm now shifting to the state law side of it. Why wouldn't it be the proximate cause of this? Well, a couple of things about the state law. The state law of immunity, which would apply and which supplies the causation test comes from MCL 691.1407, the immunity section. And in Robinson versus Detroit, the Michigan Supreme Court held that the language, quote, the proximate cause has meaning beyond simply meaning you have to show that the person was a proximate cause. You have to show, and the Robinson court said this, that the person is the sole, excuse me, the one most efficient direct cause. And in this case, that would be potentially the booking officers or potentially somebody in connection with the He, in fact, filled out the paperwork. He was told seals is the real name of signer as to whom we have this warrant. So even- I see your time is up. You'll get your full rebuttal. So we'll hear from Ms. Arnn. Thank you. Very good. Thank you. Can you all hear me? Yes. Yep. Okay, very good. Just to address a couple of the points that were just raised, and then we'll go wherever the court would like. There was no prior settlement. The claims against the city of Detroit were municipal claims that were dismissed, similar to Wayne County's claims were also dismissed. So you just, you voluntarily dismissed them on your own? If that's what the record reflects, I believe that, I believe that they were the result of motions for summary that were not pursued. I mean, if the, I was not part of it with the Wayne County dismissal, that reflect, if the record reflects that it was a voluntary dismissal, then it was. But there were no settlements. Uh-huh. Why didn't you, why, I'll tell you what's a head scratcher for me on this case that I'm just really struggling with, is I'm not sure if I'm the one hand, our prior panel decision would seem to help you to let the case proceed. But what, it's just very hard for me to get my arms around, is the fact that the prior panel said as a matter of law, it was a pro, it was fair to arrest this man. And the officer, the only one you sued, only spent two hours and 50 minutes with him. So that, he seems all bound up in the Fourth Amendment decision. And it just seems like the wrong defendant. I quite, I'm very sympathetic to the idea that 15 days of being the wrong person in jail is the kind of thing that ought to go to a jury and you ought to respect the jury's finding. But I'm really struggling with why the person who did less than three hours with the case and was vindicated by our prior decision in terms of that word, is somehow on the hook and why it isn't the jailers or the other people. I just can't get it. Well, if I may, you know, as advocates, we always look for that hook that we can use to kind of, you know, advance our point. And this two hour and 50 minute concept, you have to look at what he did and what was the chain of events that he caused. He is the man, he was there when the man was arrested. At the time of his arrest, both he and his boss are saying, his boss is hearing him say, Mr. Week, you have the wrong guy. You have the wrong guy. Zerkat testified he was there when the arrest took place. He was there at the jail. And again, Mr. Seals is pleading, you have the wrong guy. And nothing is done. They don't even check his name. And then he does the one thing that kind of was the nail in the coffin in this situation until thankfully that witness realized that they had the wrong person. And finally, someone believed Marvin was that he puts the detainee information sheet and the Kriznat report together in a way that basically tells everybody down the line, this person is Roderick Simon. And when he does that, but I mean, just just just to stop you right there. That's exactly what our prior court said was okay. No, the court was probable cause to arrest him, to arrest him. But once he can, what the court said was that there was probable cause to arrest him in that moment at Reinhardt, based on the fact that they were both African American men of generally the same age, that that was the general vicinity that Simon was believed to live in. The act of the arrest, the court held was okay. What would you say in the two hours and 50 minutes that the officer was with him? What part of that out two hours and 50 minutes was okay? And what part of that time was not okay? It had to be at least an hour, the arrest and taking him to the station and or. The act of the arrest and bringing him to the DNAT, that is the arrest. But once he starts the handcuffing of him, that once they start the process of now confining him and booking him and telling the world that he's Roderick Siner without so much even checking his wallet, which had not only his ID in it, but his social security number. And let's not forget that Roderick Siner was charged with very serious offenses, which included being a habitual offender. There's photos of him, there would have been. So we have someone who is protesting repeatedly. He testified at trial. He told them at least one, he told Zurbka at least 20 times. You said something about photos of the right guy. Yes. That's something that the officer had access to at the station or was that, where was that? That sounds like a probative point. I'm just trying to figure out when he would have gotten mad in the two hours and 50 minutes. Well, it was discussed at trial whether there were the photo, because as part of this fugitive apprehension team, they have this file on every case. And there was discussion at trial whether there was a photo that was circulated and whether that photo was in the Detroit fugitive apprehension file at the time, or whether that would have been available to the officer during the booking process when he has the access to Liam and whatnot. But there was photos of Siner. And as this previous panel noted, the photos of Siner and Seals look nothing alike. And so not only did they have that information, they have the conscience of the law. So when was the argument that the officer should have seen the photos? During the Krizna and detaining information sheet process, when he was filling out that Mr. Seals was Mr. Siner. And that's because it was on the computer? Yes. The photos of the right man were on the computer and it's just a click away? Yeah, that's what was argued to the jury, yes. Well, I don't care about the arguments. I care about the evidence. Just all I want is evidence. Right. And what I would say to the court is that that was discussed as being available to Liam. But the availability of that information, but that photo is just one piece of it as well. Because there's also the many different things that officers are testified to a trial that he could have done that he chose not to do. And instead, he just laughed at Mr. Seals and told that, I mean, he just laughed at him. He testified, he never uttered a word to Mr. Seals, despite his protests of innocence. And so I always thought that if the arrest was proper, the next thing that would safeguard your client would be is to be brought before a magistrate forthwith and thereabouts. And that was his constitutional protection from being incarcerated any longer than he had to be. So I'm making the arrest a bit longer, I think, than even my colleague is, in a sense. Am I wrong? Are you extending the arrest portion to the arraignment? Well, because the Supreme Court at some point said you're entitled to be brought to an arraigning magistrate forthwith. There was an arraignment in this case, Your Honor. And at that arraignment, when asked his name, actually, I have the arraignment here. It said the case is titled People of the State of Michigan versus Roderick Siner, aka Marvin Seals. And when he was asked his name, he said Marvin Seals. He never represented himself to be Roderick Siner. Now, as to your point, does the arrest portion continue all the way until the arraignment? That would be inconsistent with this court's previous decision, which said... But it's my point that's supposed to say... Well, generally speaking, the magistrate in Michigan, at least, they are just to advise the person of the rights and honor or advise the person on the charges and their right to not guilty, which is what the court would see at ECF page number 75-5, which is where the arraignment transcript is found. In Michigan, that is all that happens in the arraignment process. The next step, which is the date that was set at the arraignment, is the probable cause hearing or preliminary examination. And that is where the determination is made as to whether or not there's probable cause to hold someone. Counsel, counsel, counsel, I'm thinking a little bit about the Michigan law, but you can answer with federal law. Just be careful telling me what you're doing. But is there a Michigan case where the courts have said the arrest was fine, but you can still bring a wrongful detention as to the same officer? Is that case out there? In other words, so it's just like our case where you say as a matter of law, it was okay to arrest him, but then charge the same person for wrongful detention. That's his case. That'd be a really helpful precedent. I am trying to remember off the top of my head the full extent of the whole thing, but I believe it would be similar to the Kendrick case that was referred to in my brief. Kendrick? Kendrick? Yes, versus Reifeld. We'll go look. We'll go look. K-I-N-K. It was referred to in my brief, and it was also referred to by Judge Drain in his opinion with regard to the motions for new trial. Is that a state law case or a federal case? It's a state law case. Okay. All right. And it's a situation where a gentleman was held on a mistaken identity claim and was held for upwards of seven months almost, I believe. And the question was whether or not- And they sued the officer, the officer that did the arrest. What I'm talking about is holding the person who does the arrest liable for the detention when the court decides that the arrest was okay. That's this case. So I'm just, that's a funny fact pattern to me. I'm just trying to see if it's happened before. Well, and one thing else, and I definitely hear your concern, Your Honor. One thing that I would point out though also is that when you look at the record for what occurred in the trial of this case, the only witnesses, officer witnesses that were called was Officer Zurbkot and Sergeant Fick. There were no, no one, this supposition about what booking would have done and what other people would have done along the line is all supposition. There was no evidence of it. I mean, I think that we as individuals who work on 1983 cases a lot, they have a general idea of how things flow and we can kind of extrapolate some things in our mind. But this was a jury verdict. Counsel, if I, you know, if you're representing the defendant, why would you put that stuff on? I don't understand. I don't understand what that says. I mean, if all the evidence is about the first two hours and 50 minutes and the arrest has already been established, it's fine. I'm not sure I understand why it's damning to the officer that he doesn't put on evidence of what happens afterwards. His just answer is, that's not my responsibility. In this case, the way that it was put in at trial, their entire defense was, it was everybody but me, which is kind of what, what I hear your honor saying. But the problem with that and what the jury had to consider is they didn't have any evidence about what other people would do. All they had is what Officer Zirkut did and how that impacted the next 15 days of Marvin Seals' life and how that caused him to be sleeping on cement slabs separated from his pregnant girlfriend and his family. And that's what they had and that's what they were called upon to decide. And this court has previously held that while the arrest part of that may have acceptable under Fourth Amendment standards, the confinement and his role in the confinement, which was significant. So what about a federal case? Give me a federal case that is this fact pattern where the arrest is okay under the Fourth Amendment, but the same officer is found liable for wrongful detention. What's that case? I don't have that say off the top of my head, your honor. I mean, I agree that it is a unique fact pattern, but you have to look at also the this wasn't, if this was just a situation where he was there and that was it and that was nothing, then why would the prosecutor, now Judge Walker, why would she have put him on the witness list that was supposed to be part of the trial witness against Siner, who was Seals? There is, while they try to minimize the role because lots of other people were there, or other people were there, it doesn't, he still had a critical role. His testimony at trial was the captain of the ship. Okay. Thanks very much, Ms. Hunt. We appreciate your argument. Ms. Masseron, your rebuttal? Yes. A couple of points. First, with respect to the photo, and I've cited this in my brief. If you look at the record when the photo was discussed, there was a photo flashed around the courtroom, but there was never ever testimony to show that Zbirka saw the photo or had access to it. He didn't. It was in the prosecutor's file. It was not something that he ever saw or had access to. Second of all, with respect to Judge Strahan. Just so I get the point. Isn't the argument that he had access to it? He could have just pushed a button and the right picture? Let me be more precise. There were two arguments made. One is, look, you see this photo. You knew that the guy looked like this photo. You should have known at the arrest it was the wrong guy. That argument should have been rejected because there was never proof connecting that photo with Zbirka. The second argument was you should have done more to check photos, fingerprints, et cetera. If you had, you would have found other information. The answer to that argument is really threefold. First, Zbirka did what he was supposed to do, which was to fill out parts of the paperwork, passed it on to the booking officers and Sergeant Faith to fill out other parts. They were responsible for doing the photos, doing the verification of identity pieces of the process. Consequently, he can't be held liable. And then I think that brings us to the point that Judge Strahan was questioning. And that is, how long does the arrest go? I think the manual case builds on Gerstein v. Pugh and then, unless your initial time before a judicial magistrate is unreasonably delayed, the arrest sort of carries over. That's what manual said. It tried to rationalize and articulate a Fourth Amendment test drawing on the prior sort of malicious prosecution-like cases that had been brought under the Fourth Amendment and sometimes under due process. And this notion about unreasonable detention that continues long after someone's held. And so what manual said is, you can have that continued detention claim, which is what we're talking about here, in two circumstances. One is if there is an unreasonable delay in bringing the defendant before a judicial magistrate. That clearly didn't happen here because he was brought before the magistrate in 48 hours. It's somewhat mystery to me why the magistrate didn't say when the warrant was for Sinar and he announced himself as seals, you know, some other question. But nevertheless, it was a very short video arraignment. But he was clearly brought before the magistrate and that was the next point. The other time that somebody who was an arresting officer might be held liable post arraignment would be in the traditional malicious prosecution type circumstance where the probable cause finding is based on the officer having lied or suppressed or fabricated evidence such that it was his lie or suppression or whatever, which caused the error in the process and the continued detention. And we don't have either of those facts here. Hey, thanks to both of you. Judge Shulheimer, should you have a question? No, I do not. Okay. Thanks to both of you for your helpful briefs and argument. We quite appreciate it. Thank you for accommodating this form of argument. You did a great job, both of you. Thank you very much. We appreciate it. Case will be submitted and the deputy may call the next case.